UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON C. ADERHOLT, <br><br> Plaintiff, <br><br> v. <br><br> CASCADE RECEIVABLES MANAGEMENT, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:22-cv-02353 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JASON C. ADERHOLT ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CASCADE RECEIVABLES MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and under the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years of age, residing in the Northern District of Texas.

5. Defendant is a third party debt collector providing services to "holders of illiquid and non-performing accounts receivables."[1] Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 5431 Old Redwood Highway, Suite 210, Petaluma, California 94954.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's efforts to collect upon a purportedly defaulted medical debt ("subject consumer debt") that Plaintiff never owed.

8. Upon information and belief, following Plaintiff's purported default on the subject consumer debt, the subject consumer debt was charged-off and placed with Defendant for collection purposes.

9. In approximately the summer of 2021, Plaintiff noticed Defendant had placed the subject consumer debt on his credit report and was informed that Defendant was a debt collector attempting to collect upon the subject consumer debt.

---

[1] https://cascade365.com/companies/cascade-receivables/

10. In or about July of 2021, Plaintiff spoke with Defendant, was informed that the subject consumer debt was for medical procedures that he never had, communicated to Defendant that he never had such procedures, disputed the subject consumer debt, and demanded that Defendant cease calling his cellular phone.

11. Subsequently, Plaintiff received calls to his cellular phone number (817) XXX-9848, from Defendant, seeking collection of the subject consumer debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -9848. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has primarily used the phone number (480) 498-7881 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

14. Eventually, the subject consumer debt was removed from Plaintiff's credit report after Plaintiff successfully disputed it but regardless of such, Defendant continued to call Plaintiff seeking payment for the subject consumer debt.

15. On or about July 29, 2022, Plaintiff further communicated his displeasure with Defendant's calls by way of him sending a letter to Defendant memorializing that such calls were unwelcome, made without his consent, and a violation of his rights.

16. Plaintiff has made his demands that Defendant cease calling him on numerous occasions over the phone and in writing, yet the collection calls have persisted to the present.

17. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, money, and resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions including, but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, being subjected to harassing debt collection communications, and violations of his state and federally-protected interests to be free from harassing, oppressive, and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

24. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arose out of transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d *et seq.*, and 12 C.F.R. § 1006.14 *et seq.*

25. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides

guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they do not call a consumer more than 7 times over 7 consecutive days, or if they wait 7 days after communicating with a consumer before attempting another communication. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication "that the person did not wish to be contacted again about the particular debt."

27. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

28. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), through its placement of phone calls to Plaintiff's cellular phone following his cease and desist requests. Plaintiff plainly demanded that Defendant cease calling his cellular phone regarding the subject consumer debt. Despite the nature of these prior communications, Defendant nevertheless continued placing phone calls seeking collection of the subject consumer debt. Such conduct is blatantly prohibited by Regulation F, which underscore Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have requested calls to stop, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. Furthermore, Regulation F clarifies that communicating with a consumer through a medium after that consumer has requested no communications through such medium – as occurred here – constitutes harassing and oppressive conduct in and of itself. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of

invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

29. Defendant further violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), by continuing to collect a debt from Plaintiff that he did not owe. Plaintiff informed Defendant that the subject consumer debt was not his, Defendant was unable to prove it was his as evinced by it being removed from his credit report, and yet Defendant still attempted to collect the subject consumer debt from Plaintiff.

    b. **Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

32. Defendant violated §§ 1692e, 1692e(2)(A), and 1692e(10) when it deceptively continued communicating with Plaintiff through his cellular phone despite Plaintiff having requested Defendant to no longer use such medium of communication. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

33. Defendant further violated §§ 1692e, 1692e(2)(A), and 1692e(10) through its misleading and deceptive attempts to collect a debt from Plaintiff which he does not owe. Defendant was made

aware that Plaintiff was not the intended target of its collection efforts, yet Defendant persisted in its efforts to collect the subject consumer debt from Plaintiff. Defendant's efforts in the face of the information provided by Plaintiff illustrates the extent to which Defendant's collection efforts were designed to deceptively compel Plaintiff's payment on a debt which he did not owe.

    c. **Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite his requests that such calls cease.

36. Defendant further violated § 1692f when it unfairly and unconscionably sought payment from Plaintiff after being informed that they were seeking payment from the wrong person.

WHEREFORE, Plaintiff, JASON C. ADERHOLT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

    e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

39. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

40. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

41. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

42. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone after he notified it to stop calling his cellular phone. Claims under the TDCA are treated similarly as claims under the FDCPA, and as discussed above, Defendant's conduct and phone calls present the type of conduct deemed to violate the FDCPA's prohibitions on harassing and oppressive conduct.

    b. **Violations of TDCA § 392.304**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

44. Defendant violated the above-referenced portion of the TDCA by deceptively seeking payment from Plaintiff despite being informed that the subject consumer debt was not his.

WHEREFORE, Plaintiff, JASON C. ADERHOLT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from contacting Plaintiff; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated:  October 19, 2022

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com